IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| ROJELIO BARRON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 07-3179-JWL |
| | ) | |
| KEN McGOVERN, KENNETH MASSEY, | ) | |
| JUDY DOE, AND PAM DOE, | ) | |
| in their individual capacities, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

## MEMORANDUM AND ORDER

Plaintiff Rojelio Barron, acting pro se, has brought a claim under 42 U.S.C. §
1983, based on his allegation that defendants violated the Eighth Amendment to the
United States Constitution by acting with deliberate indifference to his medical needs
while he was incarcerated at the Douglas County Jail in Douglas County, Kansas.  The
matter presently comes before the Court on defendants' motion to dismiss for failure to
state a claim (Doc. # 17).  For the reasons set forth below, defendants' motion is granted,
and plaintiff's amended complaint is dismissed, although plaintiff is granted leave to file,
by January 22, 2007, a second amended complaint.[1]

_____

[1]Plaintiff has filed a motion for leave to supplement his response to defendants'
motion with various exhibits (Doc. ## 28, 29).  Because such evidence is not relevant to
whether plaintiff has properly stated a claim for relief in his complaint, and in light of
plaintiff's ability to amend his pleading, the Court denies plaintiff's motion to
(continued...)

### I.     __Plaintiff's Allegations__

In his amended complaint, plaintiff has named the following defendants: Ken McGovern, Douglas County Sheriff; Kenneth Massey, undersheriff; "Judy Doe", the head nurse at the Douglas County Jail; and "Pam Doe", assistant nurse at the jail. Plaintiff has alleged the following facts:

Plaintiff was ill from a bleeding ulcer and complained numerous times of internal bleeding to the defendant nurses, one of whom instructed him to drink milk. Plaintiff further complained that he was defecating blood, but the nurses did not believe him, and the water to plaintiff's cell was cut off. As a result of the "denial of giving plaintiff medical attention," plaintiff "fell out (knocked unconscious)" and hit the back of his neck on a concrete bunk. The defendant nurses then placed plaintiff in his bed, where he remained until the next day. Defendants "finally admitted plaintiff and took blood to check for results." Plaintiff was transferred to the hospital, where he was informed by a doctor "that he was in critical condition, and that he could have died without blood transfusion." Plaintiff stayed overnight at the hospital. Defendants' failure to treat plaintiff properly and in a timely manner "caused him to suffer irreparable injury in that plaintiff is still being treated for problem [sic] with neck and back."

Plaintiff alleges that such conduct by defendants constituted deliberate indifference to this medical needs in violation of the Eighth Amendment. Plaintiff seeks

---

[1](...continued)
supplement.

compensatory and punitive damages from defendants.

## II.      <u>Governing Standards</u>

Defendants seek dismissal of plaintiff's complaint for failure to state a claim upon which relief can be granted, pursuant to Fed. R. Civ. P. 12(b)(6).  The Tenth Circuit has set forth the following standard for considering a motion to dismiss a pro se plaintiff's claim of deliberate indifference:

> Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend.  In addition to construing a pro se complaint liberally, this court must accept the allegations of the complaint as true and construe those allegations, and any reasonable inferences that might be drawn from them, in the light most favorable to the plaintiff.

*Kikumura v. Osagie*, 461 F.3d 1269, 1291-92 (10th Cir. 2006) (citations and quotations omitted).

In *Kikumura*, the Tenth Circuit also set forth the standards that govern claims under section 1983 for deliberate indifference to serious medical needs in violation of the Eighth Amendment:

> It is well established that prison officials violate the Eighth Amendment if their deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain.  This is true whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care.  At the same time, however, medical malpractice does not become a constitutional violation merely because the victim is a prisoner.  A complaint about an inadvertent failure to provide medical care or that a physician has been negligent in

3

diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment.  Rather, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.

The test for a "deliberate indifference" claim under the Eighth Amendment has both an objective and subjective component.  The objective component of the test is met if the harm suffered is sufficiently serious to implicate the Cruel and Unusual Punishment Clause.  The subjective component is met if a prison official knows of and disregards an excessive risk to inmate health or safety.

. . .

To satisfy the objective component of a deliberate indifference claim arising under the Eight Amendment, the alleged deprivation must be sufficiently serious to constitute a deprivation of constitutional dimension.  The purpose for this requirement is to limit claims to significant, as opposed to trivial, suffering.  Consequently, we look to the alleged injury claimed by the prisoner, and ask whether that harm is sufficiently serious.

When the prisoner's Eighth Amendment claim is premised on an alleged delay in medical care, the prisoner must show that the delay resulted in substantial harm.  That "substantial harm" can be the ultimate physical injury caused by the prisoner's illness, so long as the prisoner can show that the more timely receipt of medical treatment would have minimized or prevented the harm.  The "substantial harm" can also be an intermediate injury, such as pain experienced while waiting for treatment and analgesics.  Although not every twinge of pain suffered as a result of delay in medical care is actionable, when the pain experienced during the delay is substantial, the prisoner establishes the objective element of the deliberate indifference test.

. . .

The subjective component of a deliberate indifference claim requires an inquiry into a prison official's state of mind when it is claimed that the official has inflicted cruel and unusual punishment.  It is not enough to allege that prison officials failed to alleviate a significant risk that they should have perceived but did not.  To show the requisite indifference, [the prisoner] must establish that defendants knew he faced a substantial

4

risk of harm and disregarded that risk by failing to take reasonable measure to abate it.

*Id.* at 1291-93 (citations and quotations omitted).

### III.    **Application of Standards**

Defendant first argues that plaintiff has not alleged facts demonstrating substantial harm and that plaintiff therefore cannot satisfy the objective component of a claim of deliberate indifference.  The Court does not agree.  Plaintiff has alleged that, as a result of defendant's denial of medical care, he fell unconscious and struck a concrete bunk, causing "irreparable injury" to his neck.  *See Garrett v. Stratman*, 254 F.3d 946, 950 (10th Cir. 2001) (substantial harm requirement may be satisfied by permanent loss). Moreover, the alleged opinion by the treating physician that plaintiff had been at risk of death provides sufficient allegation of a serious medical need.  Construing plaintiff's complaint liberally and drawing any inferences in his favor, the Court concludes that plaintiff has alleged facts sufficient to show substantial harm and satisfy the objective prong of the governing standards.

The Court does agree with defendants, however, that plaintiff has not alleged facts sufficient to satisfy the subjective prong of the analysis.  It is true that Fed. R. Civ. P. 8(a) requires only a "short and plain statement" of the claim, and that intent and other conditions of mind may be averred generally.  *See Kikumura*, 461 F.3d at 1294.  In *Kikumura*, the Tenth Circuit found sufficient allegations that the defendant knew that

5

plaintiff required prompt medical attention and that delay would exacerbate his health problem, but deliberately disregarded that risk.  *See id.*  There are no similar allegations in this case, however.  Even if plaintiff's amended complaint is liberally construed, the only allegation that might bear on defendants' state of mind is the allegation that the defendant nurses did not believe plaintiff's complaints that he was defecating blood.  Plaintiff has not alleged that defendants "knew he faced a substantial risk of harm and disregarded that risk by failing to take reasonable measure to abate it," as opposed merely to failing "to alleviate a significant risk that they should have perceived but did not."  *See id.* at 1293.  In addition, plaintiff has not made any allegations specifically concerning the conduct or knowledge of defendants McGovern and Massey.  Accordingly, plaintiff has not stated a cause of action for deliberate indifference in violation of the Eighth Amendment.

The Tenth Circuit has instructed that a pro se plaintiff's complaint alleging deliberate indifference should be dismissed only if it would be futile to give him an opportunity to amend.  Defendants have not demonstrated such futility here.  Accordingly, the Court dismisses plaintiff's amended complaint, but plaintiff is granted leave to file, by January 22, 2007, a second amended complaint that properly states a claim, in accordance with this opinion.

IT IS THEREFORE ORDERED BY THE COURT THAT defendants' motion to dismiss (Doc. # 17) is **granted**, and plaintiff's amended complaint is dismissed.

Plaintiff is granted leave to file, by January 22, 2007, a second amended complaint.

IT IS FURTHER ORDERED THAT plaintiff's motion for leave to supplement his response to the motion to dismiss (Doc. ## 28, 29) is **denied**.

IT IS SO ORDERED.

Dated this 21st day of December, 2007, in Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge