IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ROJELIO BARRON,                          )
                                         )
                    Plaintiff,           )
                                         )
          v.                             )        Case No. 07-3179-JWL
                                         )
KEN McGOVERN, et al.,                    )
in their individual capacities,          )
                                         )
                    Defendants.          )
                                         )
_____ )

## MEMORANDUM AND ORDER

This matter comes before the court on plaintiff's motion for leave to file a third

amended complaint (Doc. # 59).  For the reasons set forth below, the court **grants** the

motion, and plaintiff's counsel shall separately file the proposed amended complaint on

or before **October 24, 2008**.  Defendants' pending motion to dismiss the second

amended complaint (Doc. # 48) is therefore **denied as moot**.

## I.      Background

By his first amended complaint, filed pro se, plaintiff brought suit against

defendants Ken McGovern, Sheriff of Douglas County, Kansas; Kenneth Massey,

undersheriff; "Judy Doe", head nurse at the Douglas County Jail; and "Pam Doe",

assistant nurse at the jail.  Specifically, plaintiff asserted a claim under 42 U.S.C. § 1983,

based on his allegation that defendants violated the Eighth Amendment to the United States Constitution by acting with deliberate indifference to his medical needs in 2005 while he was incarcerated at the Douglas County Jail.

The court granted defendants' motion to dismiss the amended complaint (Doc. # 30). *See Barron v. McGovern*, 2007 WL 4561524 (D. Kan. Dec. 21, 2007).[1]  The court ruled that although plaintiff had alleged sufficient facts to satisfy the objective, "substantial harm" prong of the deliberate indifference analysis, he had *not* alleged sufficient facts concerning defendants' state of mind under the subjective prong of the analysis. *See id.* at *3.  The court granted plaintiff leave to cure that deficiency by filing another amended complaint. *See id.*

Plaintiff did file a second amended complaint, again pro se, in which he named only Sheriff McGovern and head nurse Judy Dalton as defendants (Doc. # 46).  Plaintiff again asserted a claim under Section 1983 based on an allegation of deliberate indifference to his medical needs in violation of the Eighth Amendment.[2]   In this pleading, however, plaintiff did not cure the specific deficiency noted by the court in its

---

[1]The motion was filed on behalf of defendants McGovern and Massey.  It does not appear that the other defendants were served with process, and no other defendant has appeared in this action.  The pending motion to dismiss has also been filed on behalf of defendants McGovern and Massey.  For ease of reference, the court has referred to these moving defendants simply as "defendants".

[2]In the context of his Section 1983 claim, plaintiff also alleged, for the first time, the violation of various Kansas statutes relating to jails and prisoners.  The proposed third amended complaint omits any such allegation.

previous ruling regarding the absence of an allegation that the defendants knew of and disregarded a substantial risk of harm to plaintiff. *See Barron*, 2007 WL 4561524, at *3.

Defendants moved to dismiss the second amended complaint, again arguing that plaintiff's allegations were insufficient to satisfy either prong of a deliberate indifference claim. The court then appointed counsel to represent plaintiff, and counsel responded to the motion to dismiss. Appointed counsel also filed the instant motion for leave to file a third amended complaint, which would include the following amendments: (1) the addition of the two original defendants whom plaintiff omitted from the second amended complaint "through inadvertence," as well as two new defendants whom plaintiff had mentioned in prior complaints; (2) the addition of factual allegations; (3) changing the constitutional basis for the underlying claim from the Eighth Amendment to the Fourteenth Amendment, to reflect that the alleged violation occurred before plaintiff's conviction; and (4) the addition of a demand for a jury trial.

## II.   <u>Analysis</u>

Under Fed. R. Civ. P. 15(a), once a party has amended its pleading as a matter of course, it may amend again with the court's leave, and "[t]he court should freely give leave when justice so requires." The court may, however, deny leave to amend when it would be futile to allow the plaintiff that opportunity. *See Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1219 (10th Cir. 2006). Moreover, in determining whether to grant leave to amend, the court may consider such factors as undue delay on the part of the

3

plaintiff in raising the claim, *see Smith v. Aztec Well Serv. Co.*, 462 F.3d 1274, 1285 (10th Cir. 2006), bad faith on the part of the moving party, and any undue prejudice to the opposing party by virtue of allowance of the amendment, *see Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006). Ultimately, whether to grant leave to amend a complaint is within the discretion of the district court. *See Lind v. Aetna Health, Inc.*, 466 F.3d 1195, 1199 (10th Cir. 2006).

Defendants argue that amendment would be futile here because the new allegations are still insufficient to state a claim for deliberate indifference to serious medical needs. Specifically, defendants argue that plaintiff has still not alleged substantial harm from a delay in treatment and that the facts demonstrate that defendants did provide medical care to plaintiff. The court rejects this argument, as it has no difficulty concluding that the proposed amended complaint sufficiently alleges a claim for deliberate indifference. *See Barron*, 2007 WL 4561524, at *1-3 (setting out governing standards and noting specific pleading deficiency in second amended complaint). The question of whether defendants' care was sufficient must await resolution at a later stage of the litigation.

Defendants also suggest that plaintiff should not be given another opportunity to cure his pleading deficiency because he failed to take advantage of the earlier opportunity to cure afforded by the court. The second amended complaint was submitted pro se, however, and the proposed amendment represents appointed counsel's first opportunity to set forth plaintiff's claims. Denying leave to amend would effectively

4

negate the appointment of counsel to aid plaintiff.  Defendants have not demonstrated any undue prejudice that would result from the amendment, nor have they shown that plaintiff is acting in bad faith.

Accordingly, the court grants plaintiff leave to file a third amended complaint. In light of this ruling, the court denies as moot defendants' motion to dismiss the second amended complaint.

IT IS THEREFORE ORDERED BY THE COURT THAT Plaintiff's Motion for Leave to File Third Amended Complaint (Doc. # 59) is **granted**, and plaintiff' counsel shall separately file the proposed amended complaint on or before **October 24, 2008**.

IT IS FURTHER ORDERED THAT defendants' Motion to Dismiss (Doc. # 48) is **denied as moot**.

IT IS SO ORDERED.

Dated this 17th day of October, 2008, in Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge