IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ROJELIO BARRON,                                )
                                               )
           Plaintiff,                         )
                                               )
v.                                             )   Case No. 07-3179-JWL
                                               )
KEN McGOVERN, et al.,                          )
in their individual capacities,                )
                                               )
           Defendants.                        )
                                               )
_____)

## MEMORANDUM AND ORDER
## AND ORDER TO SHOW CAUSE

This matter comes before the court on defendant Judy Dalton's motion to dismiss plaintiff's third amended complaint (Doc. #70). For the reasons set forth below, the court **grants** the motion, and plaintiff's claims against Ms. Dalton are dismissed as time-barred. The court further orders interested party Douglas County, Kansas, defendants Ken McGovern and Kenneth Massey, and their counsel to show cause, on or before **February 6, 2009**, why they should not be compelled to correct their *Martinez* report and attachments to identify all witnesses by name, and why they should not be sanctioned for failing to comply with the court's previous order requiring that report.

## I.     **Procedural History**

In his first complaint, filed pro se on July 11, 2007, plaintiff Rojelio Barron named as defendants "Ken Macy", Sheriff of Douglas County, Kansas; and "Judy Doe", head nurse at the Douglas County Jail (DCJ), in their individual capacities (Doc. # 1). Plaintiff asserted a claim against those defendants under 42 U.S.C. § 1983, based on his allegation that they violated the Eighth Amendment to the United States Constitution by acting with deliberate indifference to his medical needs in August 2005 while he was incarcerated at DCJ. On August 8, 2007, the court issued an order in which it noted that the sheriff and undersheriff of Douglas County were Ken McGovern and Kenneth Massey, respectively, and the court granted plaintiff leave to amend his complaint to clarify the identity of the first named defendant (Doc. # 4). Thereafter, on August 17, 2007, plaintiff amended his complaint to name as defendants Sheriff McGovern; Undersheriff Massey; "Judy Doe", head nurse at DCJ; and "Pam Doe", assistant nurse at DCJ (Doc. # 6).

On August 28, 2007, the court ordered officials responsible for the operation of DCJ to "undertake a review of the subject matter of the complaint," in part to "ascertain the facts and circumstances;" and to compile and file a written *Martinez* report (Doc. # 7). The court ordered that "[s]tatements of all witnesses shall be in affidavit form," and that all medical records shall be included in the report. On October 25, 2007, defendants McGovern and Massey and interested party Douglas County, through their common

counsel, filed the *Martinez* report (Doc. # 15).[1]  The report referred to the nurses involved as "Judy 'Doe'" and "Pam 'Doe'".  The names of the nurses were redacted from the medical records attached to the report.  Also attached was an affidavit signed and sworn by "Judy 'Doe'", who identified herself as the head nurse at DCJ at the time in question.  The redaction in the medical records was noted in a footnote in the report, in which Douglas County requested that, if unredacted records were ordered, any inspection take place *in camera*.  The footnote further indicated that Douglas County would comply with any order to produce unredacted records, but no reason was given for the redaction and the failure to identify the nurses by name in the report.

On October 26, 2007, Douglas County and defendants McGovern and Massey moved to dismiss the amended complaint (Doc. # 17).  No other defendant was served or appeared in the action at that time.  By Memorandum and Order of December 21, 2007, the court granted the motion to dismiss (Doc. # 30).  *See Barron v. McGovern*, 2007 WL 4561524 (D. Kan. Dec. 21, 2007).  The court ruled that although plaintiff had alleged sufficient facts to satisfy the objective, "substantial harm" prong of the deliberate indifference analysis, he had *not* alleged sufficient facts concerning defendants' state of mind under the subjective prong of the analysis.  *See id.* at *3.  The court granted plaintiff leave to amend his pleading again to cure that deficiency.  *See id.*

---

[1]The report stated that it was being "submitted" by Douglas County and defendants McGovern and Massey, although it was signed—and presumably drafted—by their counsel.

On April 25, 2008, plaintiff filed his second amended complaint, again pro se, in which he named only Sheriff McGovern and head nurse "Judy Dalton" as defendants (Doc. # 46). Plaintiff again asserted a claim under Section 1983 based on an allegation of deliberate indifference to his medical needs in violation of the Eighth Amendment. In this pleading, however, plaintiff did not cure the specific deficiency noted by the court in its previous ruling regarding the absence of an allegation that the defendants knew of and disregarded a substantial risk of harm to plaintiff. *See Barron*, 2007 WL 4561524, at *3.

On May 6, 2008, Douglas County and defendants McGovern and Massey moved to dismiss the second amended complaint, again arguing that plaintiff's allegations were insufficient to satisfy either prong of a deliberate indifference claim (Doc. # 48). The court then appointed counsel to represent plaintiff, and on August 9, 2008, counsel filed a motion for leave to file a third amended complaint (Doc. # 59). By Memorandum and Order of October 17, 2008, the court granted the motion for leave and denied the pending motion to dismiss as moot (Doc. # 64). *See Barron v. McGovern*, 2008 WL 4642328 (D. Kan. Oct. 17, 2008). In rejecting defendants' futility argument, the court concluded that the proposed amended complaint sufficiently stated a claim for deliberate indifference. *See id.* at *2.

On October 24, 2008, plaintiff, through counsel, filed his third amended complaint (Doc. # 65). That complaint named as defendants Sheriff McGovern; Undersheriff Massey; Head Nurse Judy Dalton; "Pam 'Doe'", a nurse at DCJ; "Deputy

4

Banks", a deputy at DCJ; and Randy Cheek, a deputy at DCJ, all in their individual capacities.[2] The return of service filed by plaintiff indicates service of the third amended complaint on Ms. Dalton on October 29, 2008 (Doc. # 69). Defendants McGovern, Massey, Banks, and Cheek have filed a joint answer (Doc. # 66).

Defendant Dalton now seeks dismissal of the claim against her pursuant to Fed. R. Civ. P. 12(b)(6). Ms. Dalton first argues that the claim against her is barred under the applicable statute of limitations. Ms. Dalton further argues that plaintiff has not sufficiently alleged that she acted under color of state law, as required for liability under 42 U.S.C. § 1983.

## II.     Limitations Analysis

Ms. Dalton notes that plaintiff has alleged wrongful conduct occurring in August 2005 and that she was not served with process until October 29, 2008. She argues that plaintiff's claim is therefore barred under the applicable two-year statute of limitations.[3] Plaintiff's only response is to argue that, in light of Ms. Dalton's October 2005 affidavit

---

[2] Plaintiff's third amended complaint changed the underlying constitutional claim from one under the Eighth Amendment to one under the Fourteenth Amendment, to account for the fact that plaintiff had not yet been convicted at the time of the alleged deliberate indifference to his medical needs.

[3] Section 1983 claims are subject to the forum state's statute of limitations for personal injury actions. *See Blake v. Dickason*, 997 F.2d 749, 750 (10th Cir. 1993). Kansas law imposes a two-year limitations period for personal injury claims. *See* K.S.A. § 60-513(a)(4). Plaintiff does not dispute that his claim is governed by a two-year statute of limitations.

5

(as "Judy 'Doe'"), she may have had notice of the claim against her within the limitations period, and plaintiff requests the opportunity to conduct discovery on that issue. Plaintiff has not cited any authority to support the proposition that a defendant's knowledge of a pending claim is sufficient in itself, without service of process, to toll or halt the running of the statute of limitations.

Neither side to this dispute has cited or discussed the rule that actually governs this issue. The substitution of a named defendant for a previously-unknown "Doe" defendant in an amended complaint amounts to the addition of a new party; therefore, the requirements of Fed. R. Civ. P. 15(c)(1)(C) must be met before the filing of the amended complaint may relate back to the date of the original complaint for limitations purposes. *See Garrett v. Fleming*, 362 F.3d 692, 696 (10th Cir. 2004).[4] That rule provides that an amendment relates back when

> the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied [*i.e.*, the amendment asserts a claim that arose out of the same conduct alleged in the original pleading] and if, within the period provided by Rule 4(m) for serving the summons and complaint [*i.e.*, 120 days], the party to be brought in by amendment:
>
> > (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
> >
> > (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's

---

[4] Although a pro se litigant's pleadings are to be construed liberally, he must nonetheless follow the same rules of procedure that govern other litigants. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

6

identity.

Fed. R. Civ. P. 15(c)(1)(C).

It might appear that these requirements are met here, as Ms. Dalton's October 2005 "Doe" affidavit demonstrates that she had knowledge of plaintiff's claim against her within 120 days of July 2005 original complaint (which was filed within two years of the alleged violation). The Tenth Circuit has held as a matter of law, however, that "a plaintiff's lack of knowledge of the intended defendant's identity is not a 'mistake concerning the identity of the proper party' within the meaning of [the present Rule 15(c)(1)(C)];" and the designation of an unknown defendant as "John Doe" in the original complaint is not a formal defect of the type this rule was meant to address. *See Garrett*, 362 F.3d at 696-97.

In this case, plaintiff may have gotten the first name right in his original and first amended complaint, but he nevertheless identified Ms. Dalton as a "Doe" defendant and was unable to effect service of process on her at that time.[5] Under Tenth Circuit law, the correct identification of Ms. Dalton in later complaints constituted the addition of a new party, and the incomplete identification of her in the earlier complaints is not the type of defect that would allow relation back under Rule 15(c). Plaintiff has not asserted any

---

[5]It appears that service was attempted by mail in August 2007 on "Judy Doe, Head Staff Nurse, Douglas County Jail" at DCJ, but the mailing was returned with the notation "not at this address" (Doc. # 11).

7

other basis for circumventing the application of the two-year limitations period.[6] Accordingly, the court concludes that plaintiff's claim against Ms. Dalton is time-barred.[7] The court grants Ms. Dalton's motion, and the claim is hereby dismissed.[8]

---

[6]In *Garrett*, the Tenth Circuit also considered whether the statute of limitations had been equitably tolled, under the applicable Colorado law, because of fraudulent concealment by the defendant. *See Garrett*, 362 F.3d at 697. Under Kansas law, however, a trial court may not toll a limitations period, as such tolling must be authorized by statute. *See Bell v. City of Topeka, Kan.*, 279 Fed. App'x 689, 692 (10th Cir. May 23, 2008) (citing *McCoy v. Wesley Hosp. and Nurse Training Sch.*, 188 Kan. 325, 332, 362 P.2d 841, 847 (1961)). It does not appear that any Kansas statute would authorize tolling here. In *Bell*, the Tenth Circuit also considered whether the individual officer defendants should have been equitably estopped from asserting a limitations defense based on a failure to identify those officers for plaintiff. *See id.* at 692-93. The court rejected that argument because the plaintiff had not shown any obligation of the institutional defendant to identify the particular officers for the plaintiff and because the plaintiff had failed to request a publicly-available document containing that information. *See id.* at 694. In the present case, one might argue that Douglas County had an obligation to identify Ms. Dalton in the *Martinez* report. Plaintiff has not claimed equitable estoppel here, however, and he has not claimed or shown that he relied on the County's actions to his detriment in failing to discover Ms. Dalton's identity. Accordingly, the court declines to apply the doctrine of equitable estoppel in this case.

[7]Although this result may seem harsh, plaintiff had over two years in which to identify and serve Ms. Dalton. Moreover, plaintiff made no objection to the incomplete *Martinez* report, which was served on him within the 120-day period for service of his original and first amended complaint.

[8]In light of this ruling, the court need not address the other basis asserted by Ms. Dalton for dismissal.

8

### III.     Order to Show Cause

Although it agrees that the claim against Ms. Dalton is barred in light of plaintiff's failure to identify her correctly and to effect service in a timely manner, the court nevertheless remains disturbed by the actions of Douglas County, defendants McGovern and Massey, and their counsel in this case. The court ordered the preparation of a *Martinez* report, including medical records and affidavits from relevant witnesses. Instead, these parties and their counsel, in authoring the report, redacted records and refused to disclose the identities of the nurses, without stating any proper basis for such concealment. The court can only assume that these parties were attempting to hide the identities of the nurses in order to hinder plaintiff's correctly identifying the nurses that he had named as "Doe" defendants in the lawsuit. Obtaining and submitting an affidavit signed by a fictional person named "Judy 'Doe'" was particularly egregious, and such conduct violated the court's order to provide proper affidavits from witnesses.

Accordingly, Douglas County and defendants McGovern and Massey, along with their counsel of record who signed and filed the report, are ordered to show cause, by written response filed on or before February 6, 2009, why they should not be compelled to filed a corrected *Martinez* report, in which all witnesses are identified by name and to which unredacted medical records are attached; and why they should not be sanctioned for their conduct.

IT IS THEREFORE ORDERED BY THE COURT THAT defendant Judy Dalton's motion to dismiss (Doc. # 70) is **granted**, and plaintiff's claim against Ms. Dalton is hereby dismissed.

IT IS FURTHER ORDERED BY THE COURT THAT interested party Douglas County, Kansas, defendants McGovern and Massey, and their counsel shall show cause, by written response filed on or before **February 6, 2009**, why they should not be compelled to correct the *Martinez* report and attachments to identify all witnesses by name, and why they should not be sanctioned for failing to comply with the court's previous order requiring that report.

IT IS SO ORDERED.

Dated this 29th day of January, 2009, in Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge
